IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D'PARIS HAMILTON, ON BEHALF ) <br> OF D'JAHMIR BOZEMAN ) <br>   ) <br> Plaintiff, ) <br>   ) <br> vs. ) <br>   ) <br> CAROLYN W. COLVIN,[1] ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br>   ) <br> Defendant. ) | Civil Action No. 12-940 |

AMBROSE, Senior District Judge

**OPINION
and
ORDER OF COURT**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Defendant's Motion for Summary Judgment (ECF No. 11) and granting Plaintiff's Motion for Summary Judgment. (ECF No. 8).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying an application for supplemental security income on behalf of the Claimant, a child under age 18, pursuant to the Social Security Act ("Act"). Plaintiff filed an application alleging that since December 6, 2008, the Claimant had been disabled. (ECF No. 6-5, p. 2). Administrative Law Judge ("ALJ"), Alma S. Deleon, held a hearing on September 16, 2010. (ECF No. 6-2, pp. 46-66). Plaintiff was not represented by counsel at the hearing. On October 27, 2010, the ALJ found that the Claimant was not disabled under the

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

Social Security Act.  (ECF No. 6-2, pp. 17-27).  After exhausting all administrative remedies, Plaintiff, with the assistance of counsel, has filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 11).  The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.   STANDARD AND SCOPE OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if

not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d).  20 C.F.R. § 416.924.  An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv).  When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it.  20 C.F.R. § 416.926a(b)(2)(i)-(vi).

B.      **DISCUSSION**

   1.   **Whether the ALJ erred in failing to find that the Claimant's medical condition met the requirements of Medical Listing 101.08**

At step three in this case, the ALJ only considered whether the Claimant's impairments met medical listing 101.02 and found that he did not. (ECF No. 6-2, p. 20).  Plaintiff argues this was error because the Claimant meets the requirements of medical listing 101.08 and further

---

[2] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[3] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

because the ALJ did not even consider medical listing 101.08. (ECF No. 9, pp. 5-11).[4]  As the Commissioner points out, Plaintiff did not raise or identify listing 101.08 for a soft-tissue injury before the ALJ. (ECF No. 12, p. 6).  It is not the burden of the Plaintiff, however, to identify the applicable listings to consider.  *Burnett v. Commissioner of Soc. Sec.,* 220 F.3d, 112, 120, n.2 (3d Cir. 2000).[5]  Rather, it is the burden of the ALJ. *Id.*  "Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceeding…. Such reasoning is further supported by the fact 'that a large portion of Social Security [disability benefits] claimants either have no representation at all or are represented by non-attorneys.'" *Id.* (internal citations omitted).  While an ALJ need not specifically identify or analyze the most relevant medical listing, the ALJ must clearly evaluate the available medical evidence of record and setting forth the evaluation in an opinion.  *Jones v. Barnhart,* 364 F.3d 501 (3d Cir. 2004).

The totality of the relevant portion of the ALJ's opinion in considering whether the Claimant has an impairment or combination of impairments that meets or medically equals one of the listed impairments is as follows:

> I considered listing 101.02, major dysfunction of a joint, in light of the fact that the claimant has had some problems with his right arm.  However, the record does not show that the claimant experiences stiffness and chronic joint pain with signs of limitation of motion resulting in the inability to perform fine and gross movements.  In fact, the claimant's range of motion has improved to 90 degrees, he does not complain of pain and he is able to perform fine and gross movements.
>
> I also note that following surgery and occupational therapy the claimant's right arm functionality improved measurably and his range of motion eventually increased to 90 degrees without pain (Exhibits 3F;5F).

---

[4] Plaintiff states that "[w]hile it probably was not error per se for the ALJ to *consider* Listing 101.02, considering *only* this Listing clearly was." (ECF No. 9, p. 10, emphasis in original).

[5] While Burnett deals with an adult claim for disability benefits, it applies equally to cases involving a child's claim for benefits. *Medina v. Barnhart*, No. 05-3107, 2006 WL 1458205, *6, n. 2 (D.N.J. May 24, 2006).

(ECF No. 6-2, p. 20). After reading the ALJ's decision as a whole, I find the conclusory nature of the three sentence opinion prohibits me from engaging in any meaningful review as it relates to step three. It is well-established that "[i]f an ALJ fails to mention probative evidence, then a reviewing court will not be able to determine whether the ALJ's decision is supported by substantial evidence under §405(g)." *McDonnell v. Astrue,* Civ. A. No. 10-222, 2010 WL 3938259 at *6 (W.D. Pa. Oct. 5, 2010). Therefore, on remand, the ALJ should set forth and analyze the evidence of record used in making the determination of whether the Claimant meets a medical listing, including medical listing 101.08.

     An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D'PARIS HAMILTON, ON BEHALF OF D'JAHMIR BOZEMAN     )<br>)<br>Plaintiff,     )<br>)<br>vs.     )<br>)<br>CAROLYN W. COLVIN,[6]     )<br>COMMISSIONER OF SOCIAL SECURITY,     )<br>)<br>Defendant.     ) | Civil Action No. 12-940 |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 17th day of July, 2013, it is ordered that the decision of the ALJ is vacated and the case is remanded consistent with the opinion set forth above. Plaintiff's Motion for Summary Judgment (ECF No. 8) is granted and Defendant's Motion for Summary Judgment (ECF No. 11) is denied.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[6] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.